STUART, Justice
(concurring specially).
Cases involving the cancellation of a teacher’s employment contract must be considered on a case-by-case basis. A teacher maintaining that the motive behind the cancellation of his or her employment contract was personal or political must plead the defense and establish by evidence the viability of that defense at *1172 the hearing held pursuant to § 16-24-10(a), AIa.Code 1975. As the main opinion states and as Justice Lyons urges in his special writing, evidence of lesser discipline of other employees for like offenses may establish a viable defense and may be considered at a hearing if the defense is properly pleaded. However, evidence that other employees have been disciplined less severely for like offenses is not a defense per se and does not necessarily establish that the motive for the cancellation of the teacher’s employment contract was personal or political. For example, disparate discipline of two employees for like offenses might be justified where one employee had an exemplary prior employment record and the other had had numerous prior disciplinary actions. Disparate discipline of the two employees, although they committed “like offenses,” may be warranted, and the fact that disparate discipline was administered does not establish a defense per se of an improper motive for contract cancellation. Thus, a variety of factors may affect the appropriate discipline for a particular violation by an employee, and merely because two employees received disparate discipline for like offenses is not necessarily a viable defense or an indicator of an improper motive for cancellation of a teacher’s employment contract. Furthermore, even a showing of disparate discipline of similarly situated employees as to the same ground for cancellation of a teacher’s contract may have little relevance in situations where numerous grounds were proven for cancellation of the teacher’s employment contract.